IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Candace Blackmon, ) | |
| ) | Civil Action No.: 3:19-cv-01683-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| PruittHealth, Inc., and PruittHealth Carolina ) | |
| Gardens, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Candace Blackmon brought this action seeking relief against her former employers, Defendants PruittHealth, Inc. and PruittHealth Carolina Gardens, LLC (together "Defendants") alleging that she was subjected to discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII), 42 U.S.C. § 2000e-2000e-17, South Carolina Human Affairs Law ("SCHAL"), S.C. Code §§ 1-13-10 to -110 (West 2021), and 42 U.S.C. § 1981.[1] (ECF No. 20.)

This matter is before the court on Defendants' Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 22.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to the United States Magistrate Judge for pretrial handling. On August 10, 2020, the Magistrate Judge issued a Report and Recommendation ("R&R") in which she recommended that the court grant Defendants' Motion to Dismiss as to Plaintiff's SCHAL claims and deny it as to all other claims.

---

[1] The court observes that Plaintiff also references 42 U.S.C. § 1983 in her Amended Complaint. (*See* ECF No. 20 at 1.) A violation of § 1983 requires a state actor. *E.g.*, *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001). To this point, the court observes that it could not find any reference to Defendants being state actors in the Amended Complaint. Therefore, the court **DISMISSES** any claims alleging violation of 42 U.S.C. § 1983.

1

(ECF No. 27 at 20.) On August 24, 2020, Defendants filed Objections to the Magistrate Judge's R&R, which are presently before the court. (ECF No. 28.) For the reasons set forth below, the court **ACCEPTS IN PART** the Magistrate Judge's recommendation and **GRANTS IN PART** Defendants' Motion to Dismiss the Amended Complaint.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts of this matter are discussed in the R&R. (*See* ECF No. 27 at 5-6.) The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate and incorporates it by reference. The court will only reference herein facts viewed in the light most favorable to Plaintiff that are pertinent to the analysis of her claims.

Plaintiff, an African American female, alleges she was employed by Defendants "as a Life Enrichment Coordinator/Activities Director from March 1, 2017, until her constructive discharge on November 9, 2017." (ECF No. 20 at 2 ¶ 7.) During her employment, Plaintiff alleges that she was subjected to racially disparate discipline and when she complained about it, no actions were taken to correct the conduct. (*Id*. ¶¶ 9A–C.) After her complaints, Plaintiff further alleges that in November 2017, she was placed on a thirty (30) day performance plan and "was quickly accused of not meeting work requirements." (*Id*. ¶ 9F.) As a result, Plaintiff alleges she "was told to either resign or be fired by November 9, 2017." (*Id.*)

In her attempt to comply with the prerequisites for jurisdiction in this court under Title VII, Plaintiff avers that on June 6, 2019, she "received a notice of right to sue from Equal Employment Opportunity Commission" ("EEOC"). (ECF No. 20 at 2 ¶ 5.) Thereafter, on June 12, 2019, Plaintiff filed a Complaint alleging claims for discrimination and retaliation in violation of Title VII, SCHAL, and § 1981. (*See* ECF No. 1.) On June 28, 2019, Defendants filed a Motion to Dismiss. (ECF No. 7.) On July 12, 2019, Plaintiff filed a Response in Opposition, and on July 18,

2019, Defendants filed their Reply. (ECF Nos. 9, 10.)

Upon her review, the Magistrate Judge filed a R&R recommending that the court grant Defendants' Motion to Dismiss Plaintiff's SCHAL cause of action and the gender discrimination portion of her § 1981 cause of action and deny all other claims. (ECF No. 11.) Defendants filed Objections to the R&R. (ECF No. 12.) Instead of filing a response to Defendants' Objections, Plaintiff filed a Motion for Leave to Amend the Complaint (ECF No. 13) and a proposed Amended Complaint. (ECF No. 13-1.) Defendants opposed Plaintiff's Motion to Amend. (ECF No. 16.) On March 19, 2020, the court granted Plaintiff's Motion to Amend pursuant to Rule 15(a)(2) and recommitted the case to the Magistrate Judge for further proceedings. (ECF No. 18 at 2–3.)

On March 24, 2020, Plaintiff filed an Amended Complaint alleging claims for discrimination and retaliation in violation of Title VII, SCHAL, and § 1981. (ECF No. 20.) Defendants filed the currently pending Motion to Dismiss on April 2, 2020, to which Plaintiff filed a Response in Opposition on May 7, 2020. (ECF Nos. 22, 23.) On August 10, 2020, the Magistrate Judge issued a R&R recommending that the court grant in part and deny in part Defendants' Motion to Dismiss. (ECF No. 27.) On August 24, 2020, Defendants filed Objections to the second R&R, and on September 8, 2020, Plaintiff filed a response to Defendants' Objections. (ECF Nos. 28, 29.)  The court heard argument from the parties on the instant Motion to Dismiss at a motion hearing on March 23, 2021.  (ECF No. 36.)

The court considers the merits of Defendants' Objections to the R&R below.

## II.    JURISDICTION

This court has jurisdiction over Plaintiff's Title VII claims via 28 U.S.C. § 1331, as they arise under the laws of the United States, and also via 42 U.S.C. § 2000e–5(f)(3), which empowers district courts to hear claims "brought under" Title VII.  The court also has jurisdiction over this

matter pursuant to § 1331 based on Plaintiff's claims under 42 U.S.C. § 1981, which guarantees the rights of a protected class of individuals "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, . . . ."

### III.   STANDARD OF REVIEW

A.   <u>**The Magistrate Judge's Report and Recommendation**</u>

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is not clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. Civ. P 72 advisory committee's note.). Failure to timely file specific written objections to a Report and Recommendation will result in a waiver of the right to appeal from an Order from the court based upon the Report and Recommendation. 28 U.S.C. § 626(b)(1). The court will undertake a *de novo* review as to the portions of the Report and Recommendation to which objections were timely

made.

**B.**     <u>**Motions to Dismiss Generally**</u>

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). "In considering a 12(b)(6) challenge to the sufficiency of a complaint, this Rule must be applied in conjunction with the liberal pleading standard set forth in Federal Rule of Civil Procedure 8(a)." *Jenkins v. Fed. Bureau of Prisons*, C/A No. 3:10-1968-CMC-JRM, 2011 WL 4482074, at *2 (D.S.C. Sept. 26, 2011). Rule 8(a) provides that to be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs., Inc.*, 7 F.3d at 1134. "In so doing, a court may consider documents attached to the complaint or the motion to dismiss 'so long as they are integral to the complaint and authentic.'" *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## IV.     ANALYSIS

### A.     The Report and Recommendation

In the R&R, the Magistrate Judge first addressed Defendants' argument that Plaintiff's SCHAL cause of action was untimely. (ECF No. 27 at 6.) Plaintiff stipulates to the dismissal of her SCHAL claim and therefore, the Magistrate Judge's R&R recommends that the court dismiss the claim. (*Id.* (referencing ECF No. 23 at 8).)

The Magistrate Judge next addressed the timeliness of Plaintiff's Title VII claim. Specifically, the Magistrate Judge determined that Plaintiff's claim was timely based on the allegation that she received the right to sue letter on June 6, 2019. (*See* ECF No. 27 at 11–13.) The Magistrate Judge was not persuaded by Defendants' three-day presumption argument in determining when Plaintiff received her right to sue letter from the EEOC. Instead, the Magistrate Judge determined the timeliness based on Plaintiff's allegations. (*Id.* at 13 ("In the opinion of the undersigned, Defendants' argument that Plaintiff should be bound by the three-day-receipt presumption in light of her pleaded allegation of actual receipt on June 6, 2019 would impose upon Plaintiff a burden the law does not require.").

The Magistrate Judge next addressed the legal sufficiency of the allegations as to each of Plaintiff's remaining claims. Specifically, the Magistrate Judge determined that Plaintiff's allegations sufficiently supported claims of discrimination and retaliation under Title VII and §

6

1981.[2] (*Id.* at 15–20.)

Based on the foregoing, the Magistrate Judge recommended granting only Defendants' Motion to Dismiss Plaintiff's SCHAL claims. (*Id*. at 20.)

**B.     Defendants' Objections**

Defendants object to the R&R first arguing that the Magistrate Judge erred in recommending that the court find Plaintiff's Title VII claims timely.  (ECF No. 28 at 7.) Defendants argue that the Magistrate Judge "improperly failed to place the burden of proof on Plaintiff" to establish that her Title VII claim is timely. (*Id*. at 8.) Specifically, Defendants assert that the "burden is on the plaintiff to demonstrate that his suit is timely" especially when "the defendant challenges the timeliness of the plaintiff's Title VII claim." (*Id*. (citations omitted).) Moreover, Defendants argue that the Magistrate Judge "erred in failing to recognize that the EEOC [r]ight to [s]ue was integral to Plaintiff's Title VII claim, . . . failing to recognize that the EEOC [r]ight to [s]ue puts the date that Plaintiff received the EEOC [r]ight to [s]ue … and then failing to apply the three-day presumption of Plaintiff's constructive receipt of the EEOC [r]ight to [s]ue." (*Id*. at 9–17 (citations omitted).) Defendants further object to the Magistrate Judge's suggestion that the court could apply equitable tolling to salvage the timeliness of Plaintiff's Title VII claims. (Id. at 17–26 (citations omitted).)

Next, Defendants argue that the Magistrate Judge erred in determining that Plaintiff's Amended Complaint has plausible claims. They argue that her Original and Amended Complaint "consist[] of almost nothing other than bare, conclusory allegations that are insufficient to support a claim for relief." (*Id*. at 27.) Defendants further specify that the allegations in support of

---

[2] The Magistrate Judge correctly noted that the § 1981 claim in the Amended Complaint only referenced race.  (*See* ECF No. 27 at 2 n.2.)

7

Plaintiff's claims for discrimination and retaliation lack "minimal factual support" to meet the plausibility standard set forth in "*Twombly* and *Iqbal*." (*Id.* at 28–34.) Based on the foregoing, Defendants contend that "Plaintiff's Amended Complaint should be dismissed, and the [c]ourt should not give her leave to amend her complaint yet again . . . ." (*Id*. at 35.)

**C.     The Court's Review**

In light of the foregoing authorities and the parties' respective positions, the court considers Defendants' Objections to the R&R below.

*1.     Timeliness Challenge*

Plaintiff alleges that she suffered discrimination and retaliation in violation of Title VII. However, the parties dispute whether Plaintiff's Title VII claims are timely. Defendants argue Plaintiff's Title VII claims were not filed within ninety (90) days of receiving the notice of right to sue. (ECF No. 22-1 at 8–10.) In support of their argument, Defendants submitted a copy of the EEOC's right to sue letter with a date mailed as February 19, 2019. (ECF No. 22-3.) In response, Plaintiff asserts she timely filed her Title VII claims after receiving "a notice of right to sue from the Equal Employment Opportunity Commission on June 6, 2019." (ECF No. 20 at 2 ¶ 5.)

Title VII includes administrative-exhaustion regulations that include time requirements for submitting charges and for filing suit subsequent to the administrative process. Generally, Title VII claims have a 90-day limitations period running from the date the plaintiff received the right to sue letter. *See* 42 U.S.C. § 2000e–5(f)(1). "[T]he date of a plaintiff's 'receipt' of his notice of right to sue is determined by delivery of the notice, not actual receipt by the plaintiff." *Workman v. Bill M.*, C/A No. 6:17-972-RBH-KFM, 2017 WL 4863055, at *3 (D.S.C. Aug. 29, 2017) (citing *Watts–Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993) (holding that "receipt" of a right to sue letter occurred upon delivery of the right to sue letter to a post office

box, not upon plaintiff's retrieval of the letter from the post office box); *Harvey v. City of New Bern Police Dept.*, 813 F.2d 652, 654 (4th Cir. 1987) (holding that delivery of notice to plaintiff's home triggered limitations period even if plaintiff did not actually receive the notice on that date); *Wiseman v. Amcor Rigid Plastics, USA*, C.A. No. 3:11-2478-CMC-PJG, 2012 WL 1203616, at *2 (D.S.C. Apr. 11, 2012) (dismissing plaintiff's Title VII claim as time-barred when the plaintiff contended that his temporary relocation delayed his actual receipt of his notice of right to sue)). "[I]f the actual date of receipt is confirmed by evidence, that date governs." *Nguyen v. Inova Alexandria Hosp.*, No. 98-2215, 1999 WL 556446, at 3 (4th Cir. July 30, 1999) (citations omitted). When the actual date of plaintiff's receipt of notice is unknown or in dispute, the court presumes that service by regular mail is received within three days after mailing pursuant to Rule 6(e) of the Federal Rules." *Id.* (citations omitted). *See also Dunbar v. Food Lion*, 542 F. Supp. 2d 448, 450–51 (D.S.C. 2008) (citation omitted). "If suit is not brought within the statutory [90-day] time period, the case is subject to dismissal." *Workman*, 2017 WL 4863055, at *3 (citing *Harper v. Burgess*, 701 F.2d 29, 30 (4th Cir. 1983)).

However, "the requirement in Title VII that 'suits be filed within 90 days of receiving a notice of right to sue from the [EEOC may] be subject to tolling in appropriate circumstances.'" *Workman*, 2017 WL 4863055, at *3 (quoting *Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 439 (1983)).  The United States Court of Appeals for the Fourth Circuit requires district courts to conduct "a case by case examination to determine if an equitable tolling of the [90-day] filing period is appropriate." *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987). "[D]istrict courts should conduct a thorough examination of the facts to determine if reasonable grounds exist for an equitable tolling of the filing period." *Id.*

Upon its review, the court observes that the instant situation is one in which the actual date

of Plaintiff's receipt of notice of the right to sue is unknown or in dispute. The EEOC mailed a right to sue letter on February 19, 2019, which only Defendants allegedly received and that notice is attached to their Motion to Dismiss. (*See* ECF No. 22-3.) Counsel for Plaintiff received the same right to sue letter, but by e-mail on June 6, 2019, after making several requests for the document.

In accordance with the foregoing law, the court is persuaded that it must find that "Plaintiff constructively received the EEOC [r]ight to [s]ue three days after February 19, 2019, and Plaintiff was therefore required to file her complaint alleging her Title VII claims within 90 days of February 22, 2019, *i.e.*, on or before May 23, 2019." (ECF No. 28 at 15.) Plaintiff did not file her Complaint until June 12, 2019, or 111 days after constructive receipt. Therefore, the court finds that Title VII claims are untimely filed and should be dismissed, unless reasonable grounds exist for an equitable tolling of the filing period.

In considering whether there are equitable considerations sufficient to support the exercise of equitable tolling, the court limited its review to the Complaint and the Motion to Dismiss. *See, e.g.*, *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) ("We may consider documents attached to the complaint, *see* Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic, *see Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006).). *But cf. Defreece v. AT&T*, 2:17-CV-00003-CLC, 2017 WL 11188100, at *1 (E.D. Tenn. Mar. 21, 2017) ("It is well-established that in considering a Rule 12(b)(6) motion, **the court may consider documents attached to the** motion or **response** as part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. (citing *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007) (emphasis added)). With this limitation, there are no allegations

that justify application of equitable tolling.[3] Accordingly, the court finds that Plaintiff's Title VII claims are untimely and must be dismissed.

### 2. *Failure to State a Claim Challenges*

As a result of the dismissal of her Title VII claims, Plaintiff's only remaining claims are for discrimination and retaliation in violation of § 1981.[4] Defendants contend that Plaintiff's allegations do not state plausible claims for discrimination and retaliation under § 1981. (*See* ECF No. 28 at 26–34.)

> § 1981 provides that:
>
> [a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contacts,[5] to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). "Most § 1981 actions involve employment discrimination claims, and courts analyze such cases employing the same statutory scheme used in cases brought under Title VII."[6]

---

[3] The court observes that Plaintiff's Response in Opposition to Defendants' Motion to Dismiss is replete with information and exhibits that could be relevant to an equitable tolling analysis. However, the court was unable to consider the information or exhibits because the Complaint does not contain allegations relying on any of the exhibits attached to the Plaintiff's opposition nor does it make explicit references to the additional information.

[4] "Unlike Title VII, there are no exhaustion requirements under § 1981." *Lindlad v. J&I Servs., Inc.*, C/A No.: 4:18-cv-1336-RBH-TER, 2019 WL 653968, at *10 (D.S.C. Jan. 30, 2019) (citing *Doe v. Va. Dep't of State Police*, 713 F.3d 745, 774 n.6 (4th Cir. 2013) (citing *Lilly v. Harris–Teeter Supermarket*, 720 F.2d 326, 334 (4th Cir. 1983) (recognizing previously settled rule that, as to discrimination "claims brought under 42 U.S.C. § 1981, exhaustion of EEOC remedies is not a prerequisite to filing suit"))).

[5] "[T]he term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(a).

[6] "Claims pursuant to § 1981 . . . are subject to the same analysis as Title VII claims." *Livingston v. Wix*, Civil Action No. 3:13-cv-02695-JMC, 2014 WL 7369502, at *5 (D.S.C. Dec. 29, 2014) (citing *Thompson v. Potomac Electric Power Co.*, 312 F.3d 645, 649, n.1 (4th Cir. 2002) (analysis of § 1981 claim the same as Title VII); *Gairola v. Commonwealth of Va. Dept. of Gen. Servs.*, 753

*Buchanan v. Consol. Stores Corp.*, 125 F. Supp. 2d 730, 734 (D. Md. 2001) (citations omitted). Thus, absent direct evidence, the elements of a prima facie case of discrimination under § 1981 are (1) plaintiff is member in a protected class; (2) she had satisfactory job performance; (3) she experienced adverse employment action; and (4) she experienced different treatment from similarly situated employees outside the protected class, or there is some other evidence giving rise to an inference of unlawful discrimination. *E.g.*, *Reynolds v. Am. Nat'l Red Cross*, 701 F. 3d 143, 150 (4th Cir. 2012); *Coleman v. Md. Ct. App.*, 626 F.3d 187, 190 (4th Cir. 2010); *Haulbrook v. Michelin N. Am.*, 252 F. 3d 696, 702 (4th Cir. 2001); *Cason v. S.C. State Ports Auth.*, C/A No. 2:11-2241-RMG-BM, 2014 WL 588031, at *4 (D.S.C. Jan. 7, 2014) (citations omitted). At the motion to dismiss stage, a plaintiff need not carry the ultimate burden of establishing a prima facie case for discrimination, but does have to "show 'he has a plausible claim to relief to allow the court to draw a reasonable inference that defendants are liable for the misconduct alleged.'" *Coleman v. Boeing Co.*, C.A. No.: 2:16-CV-1451-DCN-MGB, 2017 WL 2992526, at *5 (D.S.C. June 22, 2017) (quoting *Gregg-Wilson v. EFC Trade, Inc.*, No. 3:12-cv-2923-TLW, 2013 WL 5231489, at *4 (D.S.C. Sept. 13, 2013)).

In the Amended Complaint, Plaintiff alleges that she is an African American female, who performed satisfactorily as an activities director, and was placed on a performance improvement plan and constructively discharged. (ECF No. 20 at 2 ¶¶ 1, 7, 3 ¶ 9F.) She also alleges that similarly situated white, male employees were treated differently and she was in fact "replaced by a [C]aucasian male, who was less qualified than Plaintiff." (*Id*. at 3 ¶ 9G, 7 ¶¶ 27, 28.) Plaintiff further alleges additional discriminatory conduct by specified employees of Defendants, but fails

---

F.2d 1281, 1285 (4th Cir. 1985) ("Under Title VII and [] § 1981 . . ., the elements of the required prima facie case are the same.")).

to provide any contextual information regarding these individuals that would enhance her claims.[7] Nevertheless, and notwithstanding there somewhat conclusory nature, if the entirety of Plaintiff's allegations are accepted as true, as is required at the Rule 12 stage of an action, the court agrees with the Magistrate Judge's recommendation that Plaintiff has set out a plausible claim for discrimination under § 1981 that should survive Rule 12(b)(6). Accordingly, dismissal of Plaintiff's claim for discrimination in violation of § 1981 is inappropriate.

To establish a prima facie retaliation claim under § 1981 when direct evidence is unavailable, a plaintiff "must produce evidence from which a reasonable jury could find (1) that he engaged in a protected activity; (2) that his employer took an adverse employment action against him; and (3) that a causal connection existed between the protected activity and the asserted adverse action." *Honor v. Booz–Allen & Hamilton, Inc.*, 383 F.3d 180, 188 (4th Cir. 2004) (citing *Mackey v. Shalala*, 360 F.3d 463, 469 (4th Cir. 2004)); *Rhoads v. F.D.I.C.*, 257 F.3d 373, 392 (4th Cir. 2001); *Munday v. Waste Mgmt. of N. Am., Inc.*, 126 F.3d 239, 242 (4th Cir. 1997). However, a plaintiff need not establish a prima facie case in order to survive a motion to dismiss. "[S]he must proffer factual allegations sufficient to raise a plausible claim that Defendants [] retaliated against h[er] because [s]he engaged in protected activity." *Adams v. City of Georgetown*, C.A. No. 2:18-cv-02249-RMG-MGB, 2019 WL 7195561, at *6 (D.S.C. Aug. 14, 2019) (citing *Twombly*, 550 U.S. at 555 (holding that to survive a motion to dismiss, a plaintiff need only set forth allegations that raise a "reasonable expectation" that discovery will reveal evidence of necessary elements of the prima facie case)).

The court observes that there are allegations in the Amended Complaint demonstrating that

---

[7] The court observes that Plaintiff identifies Kayla Coleman, Cathy Casanova, and Dena Belser as it relates to these allegations, but does not provide any information regarding the status or positions of these individuals. (*See* ECF No. 20 at 3 ¶¶ 9–9F.)

13

Plaintiff complained about racially discriminatory conduct to both a compliance hotline and an individual, Dena Belser,[8] before she suffered an adverse employment action with her constructive discharge on November 9, 2017. (*See* ECF No. 20 at 3 ¶¶ 9–9F, 7 ¶¶ 28, 29); *Lacasse v. Didlake, Inc.*, 712 F. App'x 231, 239 (4th Cir. 2018) ("A constructive discharge—an allegation . . . that [the employee] was forced to quit her job—may constitute an adverse employment action."). However, the court finds that Plaintiff's retaliation claim under § 1981 is subject to dismissal because the Complaint does not contain any allegations establishing the temporal proximity between the protected conduct and the adverse employment action. To this point, the court observes that the dates of specified conduct are essential to its causal connection analysis, without which Plaintiff cannot avoid dismissal of her retaliation claim. *Cf. Eyo v. Orangeburg Consol. Sch. Dist. Five*, 2015 WL 1423164, at *4 (D.S.C. Mar. 27, 2015) (observing that the "retaliation claim fails because the temporal proximity between the protected conduct and adverse employment action is too attenuated to support the required inference of a causal connection"). Therefore, the court finds that Defendants' alleged conduct as currently pleaded is insufficient to raise a plausible claim of retaliation under § 1981 to survive Defendants' Motion to Dismiss.

3. ***Motion to Amend***

In her Response in Opposition to Defendants' Motion to Dismiss (ECF No. 23), Plaintiff suggested that "[i]n the event, this court finds the [C]omplaint is not sufficiently pled, the appropriate action would be to grant Plaintiff leave to amend the [C]omplaint in order to give Plaintiff the op[p]ortunity to cure any deficiency." (*Id.* at 17.) More specifically, Plaintiff expressly

---

[8] Plaintiff did not provide any personally identifiable information regarding Belser in the Amended Complaint.

requests that she be granted "leave to amend the complaint."[9] (ECF No. 29 at 4.)

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading only with the opposing party's written consent or the court's leave [and] [t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason–such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1968). The ability to grant or deny a party the chance to amend is in the discretion of the court. *See id.* (citing Fed. R. Civ. P. 15(a)).

Upon its review, the court is persuaded that Plaintiff should have the opportunity to amend her Amended Complaint to set up her equitable tolling argument regarding her Title VII claims generally and to provide additional allegations supporting her claims of discrimination and retaliation under both Title VII and § 1981. *Cf. Blackwell v. Gen. Dynamics Land Sys., Inc.*, No. 1:10cv110 (JCC/JFA), 2020 WL 2639829, at *2 (E.D. Va. June 28, 2010) ("[T]he Court is convinced that it should . . . allow Plaintiff to amend his Complaint which would provide him an opportunity to attach all relevant documents regarding his equitable tolling argument . . . ."). In this regard, the court does not perceive any bad faith, dilatory motive, prejudice to Defendants, or futility of Plaintiff's claims. Therefore, the court **GRANTS** Plaintiff's Motion to Amend and instructs Plaintiff to file the Second Amended Complaint by Thursday, April 15, 2021.

---

[9] Defendants oppose Plaintiff's request (*see* ECF No. 28 at 35) and the Magistrate Judge did not believe it needed to be addressed based on the outcome recommended in the R&R. (*See* ECF No. 27 at 20 n.13.)

## V. CONCLUSION

For the foregoing reasons, the court hereby **SUSTAINS IN PART** Defendants' Objections (ECF No. 28) and **GRANTS IN PART** Defendants' Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 22). As a result, the court **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, and retaliation in violation of 42 U.S.C. § 1981, and **DISMISSES WITH PREJUDICE** Plaintiff's claims for discrimination and retaliation in violation of South Carolina Human Affairs Law. (ECF No. 22.) The court **DENIES** the Motion to Dismiss as to Plaintiff's claim for discrimination in violation of § 1981.

The court further **GRANTS** Plaintiff's Motion to Amend and **INSTRUCTS** Plaintiff to file a Second Amended Complaint on or before April 15, 2021. Once Plaintiff files the Second Amended Complaint, Defendants will have seventeen (17) days from the filing date to answer or otherwise plead. If Defendants move to dismiss claims in the Second Amended Complaint, this court will retain jurisdiction to address said motion and any pending issues, to include equitable tolling. The briefing schedule for any such motion to dismiss will be set in accordance with the court's Local Rules.

The court **ACCEPTS IN PART** the Magistrate Judge's Report and Recommendation (ECF No. 27) and incorporates it herein by reference.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 26, 2021
Columbia, South Carolina